## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CHAD-ALAN: HEATH**                                                                     **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:22-CV-467-GNS**

**DILLON SPENCER**                                                                      **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil action initiated by Plaintiff, identifying himself as "Chad-Alan: Heath." Plaintiff filed a motion for motion for leave to proceed *in forma pauperis*. Upon review, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (DN 4) is **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court must conduct an initial review of this action pursuant to 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the complaint (DN 1), Plaintiff names as Defendant, Dillon Spencer, an "investigator/trooper KY STATE POLICE." He indicates that the basis for this Court's jurisdiction is a federal question and that this action is brought pursuant to "18 U.S.C. § 242 and 190 other Contract, 28 U.S.C. § 1331."

In the "Statement of Claim" section of the complaint form, Plaintiff writes *in toto*, "Defendant has deprived plaintiff of constitutional rights and liberties. By doing so, defendant is in breach of contract that is legally binding to plaintiff." In the "Relief" section of the complaint form, Plaintiff writes, "Vacate defendants oath of office and defendant no longer be able to work or be employed by any government agency during his lifetime."

Plaintiff attaches 40 pages of documents to the complaint (DN 1-1). Although the Court is not required to comb through these pages to find facts that support Plaintiff's claims, it appears that most relate to what is known as the sovereign citizen movement. For example, on the first page, he writes:

> Dillon Spencer has deprived a natural person of their Constitutional liberties and Bill of Rights. Dillon Spencer deprived this natural person of his 3rd, 4th, 5th, 8th, 9th, and 10th amendments. The natural person is the plaintiff. By choosing to deprive the plaintiff of these liberties and rights, the defendant is in breach of a legally binding contract with the plaintiff.

Plaintiff then states that he was unlawfully arrested/kidnapped by Defendant on June 25, 2021, but that he "was never found guilty of anything." In the subsequent pages of the attachment, Plaintiff states that a "U.S. CITIZEN is a citizen of a FEDERAL CORPORATION" and that the "United States of America is the dejure republic government, not the UNITED STATES which is a CORPORATION." Plaintiff then states that he is not a "United States citizen, 14th Amendment citizen, artificial person, corporation, ens legis, strawman, legal fiction, dead entity, idem sonans

. . . ." He states that he is a "natural person" and a "a noncitizen national of the United States of America." He also attaches a "Security Agreement and Notice of Acceptance to a Public Investigators Oath/Pledge" which he has unilaterally completed and signed.

Again, these statements are indicia of the sovereign citizenship theory. Courts have repeatedly rejected arguments made upon the theory of sovereign citizenship as frivolous. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."); *see also Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) ("Trevino's legal arguments, including that Florida has no jurisdiction over him because he is a 'natural born, free living, breathing, flesh and blood human being' and that he must be released because Florida breached a security agreement with him, are frivolous."); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected [the defendants'] theories of individual sovereignty, immunity from prosecution, and their ilk."); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law); *Caretti v. Doerr*, No. 4:17-CV-00268, 2019 U.S. Dist. LEXIS 61790, at *13 (M.D. Pa. Apr. 9. 2019) (holding claim that state authorities had no authority to incarcerate the plaintiff because he is a "natural person" or "sovereign citizen" was frivolous as was the plaintiff's state-law breach of contract claim based upon a unilateral contract he purportedly entered into with the defendants); *Muhammad v. Smith*, No. 3:13-cv-760 MAD/DEP, 2014 U.S. Dist. LEXIS 99990, at *4-8 (N.D.N.Y. July 23, 2014) (stating that sovereign citizen and redemptionist theories have been repeatedly rejected as frivolous by the courts and rejecting as "legally frivolous" plaintiff's attempt to "avoid the consequences of his criminal conviction by suggesting he exists as two separate legal entities . . .").

The Court additionally notes that the federal statutes Plaintiff references in the complaint itself fail to provide a cause of action. *See Young v. Overly*, No. 17-6242, 2018 U.S. App. LEXIS 18120, at *5-6 (6th Cir. July 2, 2018) (recognizing that 18 U.S.C. §§ 241 and 242 are criminal federal criminal statutes which do not provide private causes of action) (citing *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)). Moreover, 28 U.S.C. § 1331 is simply the statute which provides this Court with federal-question jurisdiction in general.

For these reasons, the Court will dismiss this action by separate Order as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Date: September 19, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
4416.011